IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:13-CR-00281-ALM-AGD |
| § | |
| JUAN MORENO-VALDEZ § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Juan Moreno-Valdez's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 12, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Chris Rapp.

Defendant was sentenced on August 18, 2015, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Distribute 50 Grams or More of Methamphetamine (Actual) or 500 Grams or More of a Mixture or Substance Containing Methamphetamine, a Class A felony. This offense carried a statutory minimum imprisonment term of 10 years and a maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of I, was 135 to 168 months. Defendant was subsequently sentenced to 168 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include deportation proceedings, financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On February 1, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

On January 22, 2024, pursuant to 18 U.S.C. § 3582(c)(2), Defendant's term of imprisonment was reduced to 135 months (Dkt. #1962 at p. 1, Sealed).

On December 10, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #1958, Sealed). The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) (mandatory) Defendant must report to the probation office in the district in which Defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and (2) (special) In the event that Defendant is not deported, or for any reason Defendant re-enters the United States after having been deported, Defendant shall comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the United States (Dkt. #1958 at p. 1, Sealed).

The Petition alleges that Defendant committed the following acts: (1) U.S. Immigration and Customs Enforcement ("ICE") records indicate Defendant was released from Bureau of Prisons custody to ICE custody on February 1, 2024, in Miami, Florida; and (2) ICE records further indicate ICE subsequently issued a Notice to Appear to Defendant and then released Defendant from ICE custody the same day. There is no further ICE detention history for Defendant. At the time the petition was prepared, Defendant had failed to report to the U.S. Probation Office or make himself available for supervision (Dkt. #1958 at p. 1, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (1) and (2) in the Petition. Having considered the Petition and the plea of true to allegations (1) and (2), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of forty-five (45) days with a five-year term of supervised release to follow. All prior conditions of release are reimposed here.

The court finally recommends that Defendant be released in the Southern District of Texas, McAllen Division, to serve his term of supervised release.

**IT IS SO ORDERED.**

**SIGNED this 12th day of June, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE